## Denslow Lewis v. Emlen S. Blye.

1.  PHYSICIANS—*Services in Law Suits.*—If a physician, at the request of a party to a suit, performs extra services, it is entirely proper and legal for him to receive pay therefor, and to make an agreement whereby he is to receive such payment.

**Assumpsit,** for services.  Trial in the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. RICHARD S. TUTHILL, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1898.  Reversed and remanded.  Mr. Justice SHEPARD dissenting.  Opinion filed December 23, 1898.

CHURCH & McMURDY, attorneys for appellant.

ASHCRAFT & GORDON, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.
This suit was commenced before a justice of the peace. Upon the trial there appellant recovered judgment for the

Lewis v. Blye.

sum of $100. An appeal was taken by defendant (appellee here) to the Circuit Court. At the trial in that court a jury was waived and the cause submitted to the court for trial. The finding and judgment were against the appellee for the sum of $2.20; that is for two days' attendance as a witness at $1 per day, and mileage, four miles at five cents per mile.

Appellee had had a personal injury suit against the Illinois Central Ry. Co., in which she recovered and received $9,000. Appellant is a practicing physician, and attended appellee professionally after such injury. It was admitted on behalf of appellee that appellant was not subpœnaed, but attended court at the request of appellee two days, and that if appellant was entitled to prove any compensation beyond statutory witness fees that he could prove that his services were worth $100. Appellant was examined as a witness, which was the only testimony offered upon the trial of this case. He testified that appellee requested him to assist her in her said suit; that she said to him that if she obtained a substantial verdict she would see that he was well paid for his services; that at her request he consulted with her attorney ten or twelve times in regard to the case, and as to what persons should be called to give expert testimony; that he also had several interviews in her behalf with the attorney for the railroad company; and that although he was examined as a witness the first day he attended court in the trial of said suit against the railroad company, yet that the second day of such trial he attended court at the request of appellee, so as to be present in case contradictory expert testimony should be offered, but was not subpœnaed to attend the second day, and was not examined as a witness the second day.

The appellant asked the court to hold the following propositions of law:

" 1.   The court holds that a valid contract may be made with a physician to assist the attorneys in a suit at law in the preparation of the case whereby the physician is to be given extra compensation therefor."

" 2.   The court holds that a valid contract may be made between a party to a suit at law and a physician, for the payment to the latter of a compensation beyond statutory witness fees in consideration of assistance rendered by him to the attorneys of the party in the preparation and trial of the case."

Both of which propositions were held by the court.

The appellee requested the court to hold the following propositions of law :

" 1.   Held as law, that under the facts in this case, the plaintiff is entitled to receive the sum of one dollar ($1) for each day's attendance and five (5) cents per mile each way for necessary travel, when attending court as a witness on behalf of the plaintiff in the action of the defendant against the Illinois Central Railroad Company, for and on account of his attendance as such witness, and no more."

" 2.   Held as law in this case that the plaintiff is entitled to recover the witness fees and mileage provided by statute for the attendance of witnesses in the trial of cases, and no more."

Both of which were held by the court.

The testimony shows that a contract was made by the parties, such as the court, in the propositions of law presented by appellant, held might be legally made, and that the appellant, at the request of appellee, performed his part of such contract.

If such holdings by the court, made at the request of appellant, be correct, and we think they are, then, after such a contract is proven, as it is thus held would be a valid contract in law, it is inconsistent therewith and erroneous to hold that the appellant " is entitled to recover the witness fees and mileage provided by the statute for the attendance of witnesses in the trial of cases, and no more."

In legal effect, the same question is here presented by this record as would be presented if the court had instructed a jury that a contract, such as is set out in the propositions presented by appellant and held by the court, if made, would be a legal contract; yet, notwithstanding the fact that the testimony established such a contract, the court has also instructed the jury that they could find a verdict for statutory witness fees and no more.   One or the other of

such instructions would be wrong. One or the other of said holdings is wrong.

But suppose it should be contended that the testimony does not conclusively establish such a contract as the holdings state would be valid. It certainly could not be seriously contended but that the testimony very strongly tended to establish such a contract. The question of fact must then be considered and determined by the court or by a jury. The legal question is not changed. The holding is that such question of fact can not be considered and determined by the court because, no matter what the contract is, appellant could recover only statutory witness fees.

The trial court held that appellant was entitled to statutory witness fees for two days' attendance. We are unable to see upon what theory this can be correct. Appellee was not subpœnaed to attend the second day, and was not on that day called as a witness. He could then be allowed for that day only, upon the theory that he attended upon the court that day at the request of appellee. But it is admitted that if appellant is entitled to recover anything more than statutory fees, he is entitled to recover the amount he claims, viz., $100. If a person is not subpœnaed and is not called or sworn as a witness, the statute does not allow him any witness fees. Appellant was not in attendance the second day, in obedience to a subpœna, and was not that day examined as a witness, but he was there at the request of appellee. If appellant be allowed anything for the second day, it was error to allow him only one dollar and mileage therefor, under the testimony and admissions in this case. He should have recovered nothing for that day or he should have recovered $100 in the case.

On behalf of appellee it is contended that the case of Dixon v. People, 168 Ill. 179, conclusively settles the rights of the parties in the case at bar. No other case is cited by her attorneys. We do not understand the Dixon case to hold as counsel for appellee interpret it. The only question discussed or determined in that case is whether a physician subpœnaed and interrogated as an expert witness only, can

lawfully refuse to testify upon the ground that no compensation other than the statutory witness fees has been paid or promised to him. The appellant in that case was a physician, and was subpœnaed regularly as a witness and placed upon the witness stand. A question was propounded to him as an expert. He declined to answer upon the ground that he was not required to testify as an expert without compensation, and that no compensation had been paid or promised to him. Thereupon the trial court stated to the witness that he was not entitled to receive any such fee, and that under the circumstances, it was his duty to testify as an expert. In answer to further questions by the court, the witness declined to testify, although again informed by the court that it was his duty so to do. Thereupon the court fined him $25 for contempt of court, which was affirmed in both the Appellate and Supreme Courts.

It will be noticed that the question before the court for consideration in the Dixon case was very different from the question now before this court. The Supreme Court was careful to state (p. 191) that "a physician or surgeon can not be punished for a contempt for refusing to make a *post mortem* examination, unless paid therefor, nor can he be required to prepare himself in advance for testifying in court by making an examination or performing an operation, or resorting to a certain amount of study, without being paid therefor."

It follows that if a physician, at the request of a party to a suit, performs any such extra service, it is entirely proper and legal to receive payment therefor, or to make an agreement whereby he is to receive such payment. The agreement, which it is contended was made by the parties to this suit, did not provide for payment to appellant for " his services in testifying as an expert."

We see no reason why appellant might not make a valid and binding contract with appellee, whereby he was to be compensated for his services in conferring with her attorney at her request, and in appearing in court the second day for the purpose stated, also at her request.

The judgment of the Circuit Court is reversed and the cause remanded.

Mr. Justice Shepard dissenting.

Appellant testified further: "I charged Mrs. Blye, under date of June 12, for attendance in court and special, $100;" and, upon cross-examination, he was asked: "Did you ever render a bill to Mrs. Blye for anything except the $100 that you charged on the 12th of June?" His answer was: "My partner rendered a bill in my absence in Europe. That was all paid; everything except the $100 for testimony on the 12th of June. I sent her a bill for $100, and that is all."

I was not able to discover anything from the context to make such testimony appear to mean anything more nor less than that the claim made by the appellant was for giving his testimony, and nothing else. The inference from the general finding of the trial court is, that such was the effect of the evidence upon his mind, and it being quite sufficient to uphold the general finding, there is no inconsistency in his holdings, and the judgment ought not to be reversed. The circumstance that, possibly, the judgment was for one dollar and ten cents more than appellant was entitled to, for attendance as a witness, can not be complained of by the one in whose favor the error was committed.